**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ALEJANDRO URDANETA,** *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>Plaintiff,<br><br>**v.**<br><br>**MANCHEGO TAPAS BAR & RESTAURANT-UC LLC d/b/a MARACAIBO, et al.,**<br><br>Defendants. | No. 2:26-cv-03722-WJM-CF<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendants Manchego Tapas Bar & Restaurant-UC LLC, Rumba's Café by the Park LLC, Rumba's Café Corp., Rumba of Boulevard Corp., Rumba of Tonnelle Corp., Rumba of Jersey City Downtown, 70 West Passaic LLC, Rumba of Clifton LLC, Calo JC LLC, N&A Hospitality Group LLC, Calo WR LLC (jointly and severally, the "Corporate Defendants" or "Restaurants")[1] and Defendants Nairelys Rodriguez and Alan A. Lopez's (jointly and severally, the "Individual Defendants")[2] Motion to Dismiss (Partial) the Amended Complaint and to Strike. ECF No. 21 ("Defendants' Motion"). The Plaintiff has failed to submit a response to Defendants' Motion. This Court declines to hold oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED** and Motion to Strike is **DENIED**.

## I. BACKGROUND

Plaintiff Alejandro Urdaneta, a resident of New Jersey, worked as a busser for Manchego Tapas Bar & Restaurant-UC LLC ("Maracaibo Restaurant" or "Maracaibo"),

[1] Each Corporate Defendant is "doing business as" a Restaurant by an alternative name. To avoid unnecessary confusion, this Opinion will use "Corporate Defendants" and "Restaurants" interchangeably unless otherwise specified.

[2] The "Corporate Defendants" together with the "Individual Defendants" are, collectively, the "Defendants."

located in Union City, New Jersey, from approximately November 2024 through August 2025. ECF No. 12 ("First Amended Class and Collective Action Complaint," "Complaint," or "Compl."), ¶¶ 6, 52. Maracaibo is one of several Restaurants owned and operated by husband and wife, Nairelys Rodriguez and Alan A. Lopez, the Individual Defendants. *Id.* ¶¶ 19, 25. Plaintiff, formerly a tipped employee, worked "a mix of lunch shifts (10:30 a.m. to 5:00 p.m.), dinner shifts (5:00 p.m. to 10:00 p.m.), and double shifts (10:30 a.m. to 1:00 a.m.)" consistent with Maracaibo's needs for approximately fifty to sixty hours per week, up to five days per week. *Id.* ¶¶ 53-54. Plaintiff alleges that Maracaibo required him to perform non-tipped work exceeding twenty percent of his total hours despite deducting tip credits from his wages for every hour worked; furthermore, Maracaibo compensated Plaintiff at the New Jersey tip credit minimum wage for all his work hours, including overtime hours. *Id.* ¶¶ 54, 57. Plaintiff also alleges that, among other acts, Maracaibo failed to pay him overtime premiums by applying straight-rate compensation, failed to compensate Plaintiff for all his hours worked by engaging in a policy of "time-shaving," failed to reimburse Plaintiff for the cost of maintaining his uniform when the cost reduced his wages below minimum wage, and failed to provide proper wage notices and accurate wage statements. *Id.* ¶¶ 46, 67, 69, 72, 78-79, 86.

Plaintiff filed suit in federal court, bringing claims for violation of the Fair Labor Standards Act ("FLSA") on behalf of Plaintiff and FLSA Collective Plaintiffs[3] (Count I); violation of the New Jersey Wage and Hour Law ("NJWHL") on behalf of Plaintiff and Class Members (Count II); and violation of the New Jersey Wage Payment Law ("NJWPL") on behalf of Plaintiff and Class Members[4] (Count III).

## II. DISCUSSION

This Court will address the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") before turning to the Motion to Strike under Fed. R. Civ. P. 12(f) ("Rule 12(f)").

### A. Motion to Dismiss

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), "courts generally consider only the allegations contained

---

[3] Plaintiff brings the FLSA claim as a collective action under 29 U.S.C. § 216(b) on behalf of all non-exempt front-of-house employees and back-of-house employees "employed by Defendants on or after the date that is six years before the filing of the Complaint" ("FLSA Collective Plaintiffs"). Compl. ¶¶ 39-42.

[4] Plaintiff brings the NJWHL and NJWPL claims as a class action under Fed. R. Civ. P. 23 on behalf of all non-exempt front-of house employees and back-of-house employees, including a subclass of tipped employees ("Tipped Subclass"), "employed by Defendants on or after the date that is six years before the filing of the Complaint" ("Class" or "Class Members"). Compl. ¶¶ 43-51.

in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, courts must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Courts may disregard legal conclusions, conclusory statements, and "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is not required to include detailed factual allegations to avoid dismissal under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S at 570). A claim has facial plausibility when its pleaded facts allow courts "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts should draw on their "judicial experience and common sense" when making a plausibility determination. *Id.* at 679.

Defendants move to dismiss the FLSA claim (Count I), the NJWHL claim (Count II), and the NJWPL claim (Count III) as to Rumba's Café by the Park LLC, Rumba's Café Corp., Rumba of Boulevard Corp., Rumba of Tonnelle Corp., Rumba of Jersey City Downtown, 70 West Passaic LLC, Rumba of Clifton LLC, Calo JC LLC, N&A Hospitality Group LLC, and Calo WR LLC (collectively, the "Non-Employer Defendants")[5] and move to dismiss the FLSA claim (Count I) against Individual Defendants. This Court will address each Count in turn.

1. *FLSA Claim (Count I) as to Non-Employer Defendants*

The FLSA, 29 U.S.C. §§ 201, *et seq.*, permits "employees to sue their past or present employers for various employment-related causes of action." *Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). The first inquiry in an FLSA analysis is "whether the plaintiff has alleged an actionable employer-employee relationship." *Thompson*, 748 F.3d at 148. An employer under the FLSA is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Plaintiff does not allege to have performed work for the Non-Employer Defendants; instead, Plaintiff alleges that, although he was hired as a busser at Maracaibo specifically, all Corporate Defendants are liable as his employer because they form a "single integrated enterprise" that is "commonly owned, operated, controlled, and managed by . . . Individual Defendants." Compl. ¶¶ 25, 52. Rather than disputing that Plaintiff had an employer-employee relationship with Maracaibo, Defendants argue that Plaintiff fails to establish that the Corporate Defendants collectively form a single integrated enterprise.

---

[5] Defendants refer to all Corporate Defendants other than Maracaibo as "Non-Employer Defendants." ECF 21-1 ("Brief in Support of Defendants' Motion" or "Motion Brief"), at 8. This Opinion will refer to these Defendants as Non-Employer Defendants as well to avoid unnecessary confusion.

The integrated enterprise test is a "labor-specific veil-piercing test," which allows two or more entities to be treated as a singular employer. *See Walsh v. Innovative Design & Dev. LLC*, No. 19-cv-18495, 2023 WL 2424212, at *9 (D.N.J. Mar. 8, 2023) (quoting *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485 (3d Cir. 2001)). While the Third Circuit has yet to apply the integrated enterprise test to FLSA claims, several district courts in the Third Circuit have already done so. *See, e.g., Elmer v. Kohli*, No. 22-cv-02303, 2025 WL 99595, at *6 (D.N.J. Jan. 14, 2025) (choosing to apply the integrated enterprise test to the FLSA because other district courts in the Third Circuit have done so); *Lambert v. Jariwala & Co.*, No. 18-cv-17295, 2023 WL 1883354, at *10 (D.N.J. Feb. 10, 2023) (suggesting that the facts and arguments the parties raised were better suited for assessing "whether the Defendants are in fact a 'single integrated enterprise'"); *Walsh*, 2023 WL 2424212, at *10 ("[a]ssuming, without deciding," that the integrated enterprise test applied). In determining whether entities form a single integrated enterprise under the integrated enterprise test, a court considers "four labor-related characteristics of affiliated corporations: interrelation of operations; common management; centralized control of labor relations; and common ownership or financial control." *Walsh*, 2023 WL 2424212, at *9 (quoting *Pearson*, 247 F.3d at 486). "No single factor is dispositive," and application of the factors is a "'factual' question rather than a 'legal' one." *Elmer*, 2025 WL 99595, at *6 (quoting *Pearson*, 247 F.3d 486, 496-97).

Even assuming the integrated enterprise test applies in a FLSA context, Plaintiff does not allege sufficient facts to show that the Corporate Defendants collectively formed a single integrated enterprise. First, Plaintiff fails to sufficiently allege interrelation of operations. For this characteristic, the question is whether the Corporate Defendants are "'involved directly' in each other's 'production, distribution, [and] marketing.'" *Huang v. Sakura Mandarin, Inc.*, No. 21-3757, 2022 WL 2052646, at *4 (E.D. Pa. June 7, 2022) (quoting *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997)). Plaintiff alleges that the Restaurants' employees were performing labor for Restaurants they were not primarily assigned to and that the Restaurants often transferred ingredients and supplies amongst themselves. Compl. ¶¶ 34-35. However, Plaintiff's allegations fail to sufficiently indicate that employees moved freely between the Restaurants, "working one shift at one . . . and the next at another." *Huang*, 2022 WL 2052646, at *4. Moreover, Plaintiff's allegations suggest that the Restaurants followed a formal process when transferring ingredients and supplies rather than "pull[ing] freely" from a "joint coffer" of commingled resources. *Elmer*, 2025 WL 99595, at *6; *Huang*, 2022 WL 2052646, at *4; *Xiao v. Sichuan Gourmet LLC*, No. 21-cv-00482, 2022 WL 819096, at *10 (W.D. Pa. Mar. 18, 2022). Additionally, Maracaibo's Venezuelan cuisine is distinct from the Cuban cuisine and Spanish cuisine served at the other Restaurants; this supports the notion that "each business [is] a distinct entity with . . . different functions." *See Goh v. Nori O Inc.*, No. 16-cv-02811, 2020 WL 7640518, at *9 (D.N.J. Dec. 23, 2020); ECF No. 12-4 ("Exhibit D"), at 3-7. Likewise, while Plaintiff alleges that the Restaurants have collaborated for marketing purposes on Instagram, the Exhibits attached to the Complaint indicate that

Maracaibo Restaurant has a distinct Instagram account from the other Restaurants. Compl. ¶ 31; ECF No. 12-6 ("Exhibit F"), at 2-3; ECF No. 12-7 ("Exhibit G"), at 2-3.

Second, Plaintiff fails to sufficiently allege common management. Although Individual Defendants frequently visited their Restaurants, Plaintiff alleges that Individual Defendants employed an operations manager "to assist in managing the operations of all their Restaurants." Compl. ¶¶ 23, 33. However, according to the screenshot of his LinkedIn profile, the operations manager failed to include Maracaibo among the Restaurants he managed. Compl. ¶ 33; ECF No. 12-9 ("Exhibit I"), at 2. Third, Plaintiff fails to sufficiently allege centralized control of labor relations; it is not enough for Plaintiff to make threadbare allegations that Defendants used "a centralized human resources system" to "hire[], fire[], administer[], and manage[] human relations for all employees" and Defendants "designed their enterprise to utilize a centralized human resources department and payroll department in order to easily and efficiently transfer employees among the Restaurants." Compl. ¶¶ 32, 35. Fourth, while Plaintiff alleges that Corporate Defendants are owned by Individual Defendants, "shared ownership, by itself, means little." *Elmer*, 2025 WL 99595, at *6 (quoting *Huang*, 2022 WL 2052646, at *4 (explaining that corporations remain distinct entities even when owned by the same individuals)); Compl. ¶ 25. Because the Complaint fails to sufficiently plead that the Corporate Defendants are collectively Plaintiff's employer for purposes of FLSA liability, Count I is **dismissed** as to Non-Employer Defendants.

2. *NJWHL Claim (Count II) as to Non-Employer Defendants*

The NJWHL, N.J.S.A. §§ 34:11-56a, *et seq.*, protects employees against "unfair wages and excessive hours" by establishing a minimum wage and "an overtime rate for each hour of work in excess of forty hours in any week for certain employees." *Hargrove v. Sleepy's, LLC*, 220 N.J. 289, 304 (2015) (quoting *In re Raymour & Flanigan Furniture*, 405 N.J. Super. 367, 376 (App. Div. 2009)). Similar to the FLSA, a plaintiff needs to establish an employer-employee relationship to state a claim under the NJWHL. *See Lopez v. Marmic LLC*, 263 N.J. 225, 248 (2026). The NJWHL definition of "employer" includes "any individual, partnership, association, [or] corporation . . . acting directly or indirectly in the interest of an employer in relation to an employee." N.J.S.A. § 34:11-56a1(g). The NJWHL was "purposely drafted in parallel with the FLSA" and provides a "cause of action for nonpayment of New Jersey's state minimum wage or overtime compensation." *Thompson v. Real Est. Mortg. Network, Inc.*, 106 F. Supp. 3d 486, 490 (D.N.J. 2015); *Morales v. Aqua Pazza LLC*, No. 20-cv-6690, 2022 WL 1718050, at *3 (D.N.J. May 27, 2022). While several New Jersey district courts have applied the integrated enterprise test in the FLSA context, New Jersey state courts have yet to apply the integrated enterprise test in the NJWHL context. Here, the Plaintiff attempts to establish an employer-employee relationship with the Non-Employer Defendants for purposes of NJWHL liability by alleging all Corporate Defendants form a single integrated enterprise. Compl. ¶¶ 25-38. However, this Court declines to extend the integrated enterprise test to this NJWHL claim.

Even assuming New Jersey courts would interpret the NJWHL similarly to the FLSA, the Complaint fails to adequately allege that the Corporate Defendants are a single integrated enterprise in regard to the FLSA. *See supra*, II.A.1. Therefore, because Plaintiff fails to establish an employer-employee relationship under the NJWHL with the Non-Employer Defendants, Count II is **dismissed** as to Non-Employer Defendants.

3. *NJWPL Claim (Count III) as to Non-Employer Defendants*

The NJWPL, N.J.S.A. §§ 34:11-4.1, *et seq.*, protects employees' wages and assures "timely and predictable payment" of wages. *Hargrove*, 220 N.J. at 302, 313. Similar to the FLSA and NJWHL, a plaintiff needs to establish an employer-employee relationship to properly state a NJWPL claim. *Lopez*, 263 N.J. at 248. The NJWPL defines "employer" as "any individual, partnership, association . . . [or] corporation . . . employing any person in this State." N.J.S.A. § 34:11-4.1(a). While courts generally consider FLSA and NJWHL claims in parallel, NJWPL claims are related but distinct. *See, e.g., Ortez v. Beta Elec. ELP, LLC*, No. 23-cv-3693, 2025 WL 2169973, at *4-6 (D.N.J. July 31, 2025); *Rivers v. Ultimate Transp., LLC*, No. 24-cv-6368, 2025 WL 2783810, at *2-3 (D.N.J. Sep. 29, 2025). As discussed above, the Plaintiff attempts to establish an employer-employee relationship with the Non-Employer Defendants for NJWPL liability by alleging all Corporate Defendants form a single integrated enterprise. Compl. ¶¶ 25-38; *see supra*, II.A.1. This Court declines to apply the integrated enterprise test in a NJWPL context when New Jersey state courts have yet to do so. Therefore, because Plaintiff fails to establish an employer-employee relationship under the NJWPL with the Non-Employer Defendants, Count III is **dismissed** as to Non-Employer Defendants.

4. *FLSA Claim (Count I) as to Individual Defendants*

The FLSA imposes liability on an individual "when he or she exercise[d] supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *See Thompson*, 748 F.3d at 153 (quoting *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012)). When determining whether an employer-employee relationship exists with an individual employer, courts will look to the "economic realities" of the situation and "assess whether the individual employer has (1) 'authority to hire and fire employees'; (2) 'authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours'; (3) 'day-to-day supervision, including employee discipline'; and (4) 'control of employee records, including payroll, insurance, taxes, and the like.'" *Elmer*, 2025 WL 99595, at *7 (quoting *Xiao*, 2022 WL 819096, at *3); *In re Enterprise Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 469 (3d Cir. 2012). It should be noted that these four factors "*do not constitute an exhaustive list.*" *In re Enterprise*, 683 F.3d at 469.

Here, Plaintiff does not plead sufficient facts to establish that he had an employer-employee relationship with Individual Defendants for purposes of FLSA liability. Plaintiff

alleges that Individual Defendants are "principal member[s] . . . of all Corporate Defendants and Restaurants." Compl. ¶ 19. However, "alleging that individual actors hold a certain position in the corporate organizational chart is insufficient." *Elmer*, 2025 WL 99595, at *7 (quoting *Xiao*, 2022 WL 819096, at *3). Moreover, Plaintiff alleges Individual Defendants "each exercised direct and actual control" over "business and financial operations," "employment terms and conditions," hiring and firing employees, determining hourly rates or salaries, etc. without alleging *specific* facts to show that Individual Defendants exercised control over Plaintiff's work situation or daily activities. *Elmer*, 2025 WL 99595, at *7 (quoting *Haybarger*, 667 F.3d at 417); *Xiao*, 2022 WL 819096, at *6-7 (explaining that a "boilerplate recitation" of the four factors without alleging "any control over *Plaintiff in particular*" is insufficient to establish control or supervisory authority); Compl. ¶¶ 20-24. In fact, it is unclear from Plaintiff's allegations whether Plaintiff had ever individually interacted with Individual Defendants while employed by Maracaibo. Compl. ¶¶ 19-24. By providing only conclusory statements in support of an employer-employee relationship between Plaintiff and Individual Defendants, the Complaint does not sufficiently allege an FLSA claim against Individual Defendants. Therefore, Count I is **dismissed** as to Individual Defendants.

### B. Motion to Strike

To maintain a class action, plaintiffs must meet Fed. R. Civ. P. 23's ("Rule 23") requirements, including Rule 23(a)'s four prerequisites: (1) "the class is so numerous that joinder of all members is impracticable" ("numerosity"), (2) "there are questions of law or fact common to the class" ("commonality"), (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" ("typicality"), and (4) "the representative parties will fairly and adequately protect the interests of the class" ("adequate representation"). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345, 349 (2011); *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 291 (3d Cir. 2010). Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts generally disfavor striking class action allegations from a pleading because "a motion for class certification is a more appropriate vehicle for arguments about class propriety." *Merino v. Wells Fargo & Co.*, No. 16-cv-7840, 2017 WL 3908670, at *3 (D.N.J. Sep. 6, 2017) (quoting *Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 386 (D.N.J. 2014)). Therefore, a court should only strike class action allegations at the pleading stage if "it is clear from the face of the complaint that the requirements of Rule 23 cannot be satisfied" and "no amount of discovery or time will allow for plaintiffs to resolve deficiencies in the class definitions." *Bynum v. Red River Talc, LLC*, No. 24-cv-7065, 2026 WL 242063, at *3 (D.N.J. Jan. 29, 2026); *McPeak v. S-L Distrib. Co.*, No. 12-cv-348, 2014 WL 4388562, at *4 (D.N.J. Sep. 5, 2014).

Here, Defendants argue that the class action allegations should be stricken under Rule 12(f) because Plaintiff cannot demonstrate the numerosity or typicality prerequisites of Rule 23(a). However, striking Plaintiff's class action allegations at this stage would be

premature. For the numerosity prerequisite, the Third Circuit has explained that "generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 595 (3d Cir. 2012) (quoting *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)). Even after dismissing the NJWHL and NJWPL claims against Non-Employer Defendants, it is still possible that "all non-exempt front-of-house employees . . . and back-of-house employees . . . employed by [Maracaibo] on or after the date that is six years before the filing of the Complaint" is over forty employees. Compl. ¶ 43. This same reasoning holds true for the Tipped Subclass. Compl. ¶ 45.

Moreover, while typicality and commonality are closely related and tend to merge, typicality distinguishes itself by "screen[ing] out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present." *Marcus*, 687 F.3d at 597-98 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1764 (3d ed. 2005)). Defendants argue that the legal theories posited by Plaintiff and the Class may be the same but the individual factual circumstances are dissimilar because Plaintiff's experience "turns on his busser duties, alleged side-work mix, and alleged off-the-clock closing at Maracaibo" along with "tip-credit invalidation due to non-tipped tasks he personally performed," while the Class includes "back-of-house non-tipped employees" and "other front-of-house roles." Motion Brief, at 29. However, "[i]f a plaintiff's claim arises from the same event, practice, or course of conduct that gives [rise] to the claims of the class members, factual differences will not render that claim atypical if it is based on the same legal theory as the claims of the class." *Marcus*, 687 F.3d at 598. Plaintiff is alleging that the Class and he were subjected to the same policies, which at the pleading stage, should not render the claims atypical. Compl. ¶ 46. Therefore, because it is not clear from the Complaint that the numerosity and typicality prerequisites cannot be satisfied as Defendant argues, Defendants' Motion to Strike is **Denied**.

## III. CONCLUSION

For these reasons, the Defendants' Motion to Dismiss is **GRANTED**. Counts I, II, and III are **DISMISSED WITHOUT PREJUDICE** against Rumba's Café by the Park LLC, Rumba's Café Corp., Rumba of Boulevard Corp., Rumba of Tonnelle Corp., Rumba of Jersey City Downtown, 70 West Passaic LLC, Rumba of Clifton LLC, Calo JC LLC, N&A Hospitality Group LLC, and Calo WR LLC. Count I is **DISMISSED WITHOUT PREJUDICE** as to Nairelys Rodriguez and Alan A. Lopez. The Defendants' Motion to Strike the class action allegations is **DENIED**. An appropriate order follows.

**DATE:** 10/26/26

**WILLIAM J. MARTINI, U.S.D.J.**